The Honorable Bill Walters State Senator P.O. Box 280 Greenwood, Arkansas 72936-0280
Dear Senator Walters:
You have requested an official Attorney General opinion based upon the following factual scenario:
 An individual was elected to the position of municipal clerk-treasurer in 1988 and took office in 1989. During 1998, the city council voted to separate the positions of clerk and treasurer. The term of the individual who had been serving as clerk-treasurer was to end on December 31, 1998. That individual ran for the new position of clerk and was elected, to take office in January, 1999. She tendered her resignation from the position of clerk-treasurer, effective December 31, 1998, and has requested payment of retirement benefits for her years of service as clerk-treasurer, even though she will continue to hold the elected office of clerk.
On the basis of the foregoing facts, you have asked:
 Can an elected municipal clerk hold office and draw a salary while also drawing retirement benefits?
It is my opinion that an elected municipal clerk can hold office and draw a salary while also drawing retirement benefits, provided that the individual does not re-join the retirement system.
I assume that the individual about whom you have inquired is a member of a local pension plan made available to "paid nonuniformed employees" by the provisions of A.C.A. § 24-12-101 et seq. The law does not prohibit retirees in such systems from returning to work and drawing a salary while drawing retirement benefits. Accord, Op. Att'y Gen. No. 98-162. However, the law does prohibit retirees from rejoining the retirement system and earning further years of credited service, while drawing retirement benefits and a salary.
The act of rejoining a retirement system after retirement is widely regarded in most retirement systems as impermissible unless expressly authorized by statute. The Arkansas legislature has authorized rejoining after retirement in only one retirement system — local fire pension funds. See A.C.A. § 24-11-827. (It should be noted that under that statute, the retiree's benefits cease during the period of re-employment.) It is my opinion that if the legislature had intended to permit municipal clerks and treasurers to rejoin their retirement systems after retirement, it would have expressly provided for such a course of action, as it did for local fire fighters. None of the provisions of law that govern municipal clerks and treasurers do so.
The rationale behind the legislature's declining to make such a provision is clear: To allow a retiree to draw benefits while earning further credited service upon which to calculate further benefits would, in essence, amount to "double-dipping" and would create an unwarranted burden on the retirement system.
For the foregoing reasons, I conclude that the elected municipal clerk about whom you inquired may not count the years of her new term of office as credited years of service for retirement purposes. See Ops. Att'y Gen. Nos. 98-162; 96-303; 96-212. However, during her term, she may draw both a salary and her retirement benefits.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SBA/cyh